# EMPLOYEE DISCIPLINARY REPORT

TO: PERSONNEL DEPARTMENT

The following warning was issued today and it is to be made part of the Official Record.

NAME: Robert Krieg, JR.

SOCIAL SECURITY NUMBER: _____   DEPARTMENT: Street Dept.   DATE: 10-28-04

1. Unreported Absence
2. Tardiness
3. Drinking on Duty
4. Carelessness
5. Reporting Under the Influence of Alcohol
6. Dishonesty
7. Failure to Obey Orders
8. Fighting on Company Premises
9. Leaving without Approval
10. Improper Conduct
11. (Insubordination) ✓
12. (Other) ✓
13. Violation of Safety Rules
14. Defective and Improper Work
15. Destruction of Company Property
16. Housekeeping
17. Accidents
18. Unsatisfactory Work

SET FORTH ALL FACTS IN DETAIL

REMARKS: Thursday Oct. 28, 2004 at approximately 7:05AM Mr. Krieg JR. refused to submit to a drug screen. He was asked 3 times in front of Union Reps & other Employees. He refused & was sent home.

SIGNATURE OF SUPERVISOR: _____   DATE: 10-28-04

I HAVE READ THIS REPORT: _____   DATE: _____
SIGNATURE OF EMPLOYEE

The above offense or offenses have been noted and are made part of the above employee's record as of this date.

OFFENSE NUMBER: 1 2 3 4    Termination. (Contract Art XXI sec. 7)

PERSONNEL DEPARTMENT SIGNATURE   DATE: _____


EXHIBIT E

10-28-2004

Statement of Jack D. Antrobus

Re:   Robert Krieg Jr.

On this day, Thursday, October 28, 2004 I ordered a 100% employee drug screen including supervision. I made the announcement at approximately 7:05AM. I advised all personnel that they could not leave the building until they had been tested.

At the time of the announcement Robert Krieg Jr. advised that he would not take the drug screen test. I advised him that refusal was a positive test. He advised he didn't have to take the test. I asked him if he was refusing to take the test and he advised that he was not going to take the test. I asked the President of the Union, Steve Johnson, if he heard what Mr. Krieg stated and he advised yes. I then asked Robert Krieg Jr. again if he would take the drug test and he refused. I then asked him to leave the building.

I asked the rest of the employees if they had any questions and they had none. I advised them to stay in the designated area. If they left the area without permission it would be considered a positive test. I then told them I would call them to the front in just a few minutes.

When I arrived to the front Mr. Krieg was trying to use the phone and I advised him to leave the building again. He advised that he was going to use the phone. I advised him he did not work here and to leave the building. He advised he did not have to. He stated it was a public building. I advised him if he did not leave I would call the police and have him removed. He stated, call them, and I did. He also asked if he was fired and I told him that I would notify him and he would be subject to a BOW hearing. He left the building when the police arrived and went to his vehicle and drove out of the parking lot.

Respectfully,

*[signature]*

Jack D. Antrobus
Superintendent
Street and Public Works

**EXHIBIT E**

AFSCME LOCAL 3063
STEP 2



# OFFICIAL GRIEVANCE FORM

NAME OF EMPLOYEE Steve Johnson         DEPARTMENT Street
CLASSIFICATION _____
WORK LOCATION Central Garage   IMMEDIATE SUPERVISOR Jack Antrobus
TITLE Superintendent

**STATEMENT OF GRIEVANCE:**
List applicable violation: disparaging treatment of Robert Krieg and any and all applicable violations of the contract.

Adjustment required: Reinstate and make employee whole.

I authorize the A.F.S.C.M.E. Local 3063 as my representative to act for me in the disposition of this grievance
Date 10/29/04    Signature of Employee _____
Signature of Union Representative _____   Title President
Date Presented to Management Representative 10/29/04
Signature _____   Title Sup't
Disposition of Grievance: refused

THIS STATEMENT OF GRIEVANCE IS TO BE MADE OUT IN TRIPLICATE. ALL THREE ARE TO BE SIGNED BY THE EMPLOYEE AND/OR THE AFSCME REPRESENTATIVE HANDLING THE CASE.
ORIGINAL TO City
COPY Union
COPY: LOCAL UNION GRIEVANCE FILE

NOTE: ONE COPY OF THIS GRIEVANCE AND ITS DISPOSITION TO BE KEPT IN GRIEVANCE FILE OF LOCAL UNION.

EXHIBIT G

THE AMERICAN FEDERAT[ION OF STATE, COUNTY A]ND MUNICIPAL EMPLOYEES          F29



November 1, 2004

Mr. Robert Krieg Jr.
2801 S. Stone Rd. Lot 214
Marion, In 46953

Mr. Krieg,

This letter is to document your refusal to participate in a mandatory drug screen, as prescribed by contract, on the morning of October 28, 2004. As clearly stated in your contact, Article XXI, Section 5, final sentence, " Refusal to submit to the testing provided under this agreement shall be grounds for discipline up to and including termination." Also, as stated in section 7 of the same article "Refusal to participate or re-occurrence of positive testing results will result in immediate termination of employment."

It is the intent of the City of Marion to recommend to the Board of Public Works and Safety at their next meeting (Nov. 15, 2004 at 10 am) that your employment be terminated. Until the Board of Works makes its decision, you will remain suspended without pay.


Darren Reese, HR Director




Jack Antrobus, Superintendent of Street and Public Works


Cc: Steve Johnson



November 15, 2004

The Board of Public Works & Safety met in a regular session on Monday, November 15, 2004 at 10:00 a.m. in the Council Chambers. Present were Tom Reto, Ray Harris, Jim Duncan, Mark Spitzer and secretary to the board.

Motion by Jim Duncan, seconded by Tom Reto to accept the minutes as presented from the November 1, 2004 meeting. Motion carried by acclamation.

BUILDING DEPARTMENT– 1014 S. BRANSON STREET

Larry Oradat stated that he has not been able to contact the owner of this property, and is going to turn it over to the Legal Department.

BUILDING DEPARTMENT– 1421 S. GALLATIN STREET

Larry Oradat stated that is the property that the board members asked to be continued until this meeting so that Mr. McClung could come up with a plan to rehabilitate the structure. He stated that he has not heard from Mr. McClung since the last meeting.

Ray Harris stated that in the past, the board members have asked for a bond and feels that this property should not be treated any differently.

Richard McClung stated that he doesn't feel that anybody has a right to take away his property. He stated that he doesn't have a timeframe to bring the property up to code. He stated that every time he tries to work on the house, there has been interference.

Tom Reto stated that if there is no initiative taken to perform work on the structure, the City will go in and demolish the property. After the property is demolished, a lien will be placed on the property. Mr. McClung needs to get with Larry Oradat to come up with plans to fix the property.

Richard McClung stated that this is his house and he plans to fix it up so he can live in it. He feels he is being attacked, and he can't obtain any grants to help him financially. He would like to rewire and remodel the house so he can live in it. He feels that there isn't anything wrong with the foundation.

Motion by Jim Duncan, seconded by Tom Reto to continue this matter for 30 days so Richard McClung can work with Larry Oradat to prepare a good plan and have it approved or the board will recommend demolition. Motion carried by acclamation.

BUILDING DEPARTMENT– 1201 S. BOOTS STREET

Larry Oradat stated that Thomas Wood called last Thursday and stated that he has made some improvements to the property. He stated that Mr. Wood is basically asking for mercy. He stated that he recommends continuing with the demolition because not enough progress is being made on this property in a timely fashion.



STREET DEPARTMENT – TERMINATION OF EMPLOYEE

Jack Antrobus, Superintendent of Streets and Sanitation, stated that he is coming before the board today because of Robert Krieg, Jr. termination. On Thursday, October 28th, 2004 there was a 100% drug screen ordered including supervision. Robert Krieg, Jr. refused to test. Jack Antrobus stated that he made it clear and made sure that Robert Krieg, Jr. understood that refusal of the drug screen would mean a positive test. At that time, Mr. Krieg was asked to leave the premises. Under the contract, Article XXI – Policy on Alcohol and Illegal Drugs, (this is the contract that Mr. Krieg is Vice President of the Union and should be familiar with) does state on the top of page 16 that the refusal to submit to testing provided under this agreement shall be grounds for discipline up to and including termination. Section 7 stated the refusal to participate or re-occurrence of positive testing results will result in immediate termination of employment. If you turn to the City Policy, Section 7.05 Number 5.4 states any employee who refuses to comply with a request for testing shall be removed from duty and their employment terminated. He stated that by Robert Krieg being the Vice President of the union, he should lead by example. He is asking for Mr. Krieg's termination.

Mark Spitzer stated that there are two things to note is that their contract, Article XXI, Section 1 states that they will comply with the City's Drug and Alcohol Policy and then Section 5 states that refusal to submit shall be grounds for discipline up to and including termination. The contract is very clear on this point. The reason for that policy is also very clear and self-evident. You can't have selective or permit people to select whether they are going to take a drug test or not. The purpose of random drug testing is to make sure that people are coming to work and not using drugs.

Jack Antrobus stated that the union did file a grievance on this and asked for Mr. Krieg's reinstatement.

Bill Clouse, AFSCME Representative, asked Jack Antrobus if he was ordered to take a 100% test or if that was his decision.

Jack Antrobus stated that the decision was made by him to take the 100% test. He stated that it is his policy that everybody was subjected to the testing. He stated that even he should not be exempt because he is a supervisor. The reason he chose 100% was to include all supervision and to include everybody employed down there. He stated that he has come into compliance with federal guidelines to get all his CDL drivers tested.

Bill Clouse asked Jack Antrobus if there is a need for some other kind of approval or if his decision stands.

Jack Antrobus replied that the administration was aware that he was going to have drug testing, but they didn't know when. He stated that he can't swear that they knew he was going to request 100%.

Steve Johnson, Union President, stated that Robert Krieg made a mistake, but is a good worker and has been employed with the City for 19 years. He stated that Mr. Krieg doesn't have any major disciplinary actions on his record for the past two years and feels that termination is a little extreme. Because Robert Craig, Jr. refused the test, you cannot assume that he would have tested positive.

Tom Reto asked if Robert Krieg, Jr. has been tested since the incident.

Mark Spitzer replied that they have not provided the City with any test results.

Bill Clouse stated that he asked three days later if it was permissible for Mr. Krieg, Jr. to test, but they were denied.

Mark Spitzer replied rightfully so. You need to take the test when the test is being given. If there is an issue over the testing provider, that's one thing. The issue is 'no, I'm not going to test, but now that I'm in trouble, I'm going to take a test' is a completely different issue. Testing now or three days later, after he is disciplined for it, the correct answer from a policy standpoint is no. This is an important policy, and in order for it to work, you have to have the participation of the employees. If the employees are permitted to selectively decide which test they are going to take, they are allowed a free pass.

Bill Clouse stated that he would also like to point out that Mr. Krieg is the Vice President of the union, and he feels that Mr. Krieg made a mistake. That's why he asked for the test, Mr. Krieg did not ask for the test but they were refused. He stated that he doesn't know if that would clear Mr. Krieg completely, but doesn't expect to fully clear him. He stated that he was looking to provide the administration with a test. He is looking to find a way to work together to resolve this kind of issue.

Mark Spitzer stated that if that is what Mr. Clouse is attempting to do, he would suggest going out and getting their own test and bring it in so the administration can look at it, and they will give it weight as to what it is.

Bill Clouse asked why they would have to pay for the testing.

Mark Spitzer replied it is a show of good faith.

Ray Harris asked if the test results were to come back positive, would Mr. Krieg be terminated or be relocated to another job.

Steve Johnson replied that they would send Mr. Krieg through rehabilitation as per contract.

Bill Clouse stated that he is the vice president of the union and they feel this is an unconstitutional test. He thinks the City is exposed to a lawsuit.

Tom Reto stated that is a moot point. He stated the constitutionality of random drug testing has gone all the up in the judicial system and it is a national situation, and certainly in this contract that was agreed to.

Bill Clouse stated that there are guidelines for how that should be done, and he feels they have been violated. He stated that he is here to encourage the board so you can figure out a way for the president of the local and this administration to work together to resolve the issue.

Jim Duncan asked Jack Antrobus if he is asking for the termination of Mr. Krieg.

Mark Spitzer stated that Mr. Krieg has been terminated subject to the board's approval now that there is a grievance.

Bill Clouse stated that how you test is laid out in the contract. It does state in the contract that you can be terminated, but he feels there are other options there. By Mr. Krieg being the vice president of the local, he seen that the test was unconstitutional and gave reference to that at termination. When he met with Jack Antrobus and Darren Reese, he asked if they had the authority to change the termination and the reply was no but they had the authority to make a recommendation. That tells him that when they go to the table to talk about this issue, he is working with people that cannot make a decision. He is asking the board to weigh and consider what has been said. He would like to come back to the table and discuss this issue in its entirety to see if there is a way that this could be met without straight out terminating a 19-year employee and vice president of the union that has never had a positive test. When the administration won't even let them take another test, there is no point.

Mark Spitzer, Corporation Counsel, stated that the statement is that he has never had a positive test is a misrepresentation of the record. He asked the board not to consider that comment.

Board members took a brief recess to discuss the matter.

Motion by Jim Duncan, seconded by Tom Reto to terminate Robert Craig, Jr. Motion carried by acclamation.

PAYMENT OF BILLS

Motion by Jim Duncan, seconded by Tom Reto to accept the docket as presented on November 15, 2004. Motion carried by acclamation.

With no further business, the meeting was adjourned.

_____
Paul Thompson, President

ATTEST:

_____
Christina White, Secretary
Board of Public Works & Safety