UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT A. KRIEG and<br>AMERICAN FEDERATION OF STATE,<br>COUNTY and MUNICIPAL EMPLOYEES,<br>LOCAL NO. 3063,<br><br>      Plaintiffs,<br><br>      -vs-<br>WAYNE SEYBOLD, in his official capacity<br>as Mayor of the City of Marion,<br>JACK ANTROBUS, in his individual and<br>official capacities as Superintendent of the City<br>of Marion Street and Sanitation Department,<br>and CITY OF MARION, INDIANA,<br><br>      Defendants. | Cause No: 1:04CV0430 |

## DEFENDANTS' SUPPLEMENTAL BRIEF

On March 15, 2006, the Court held a telephone conference concerning the pending Motions for Summary Judgment. The Court requested that counsel submit further briefing regarding the definition of a "commercial motor vehicle." The City of Marion Personnel Policies Handbook in effect as of October, 2002, when the 2003-2004 Collective Bargaining Agreement was signed, includes Section 1.6.2 entitled "Federal Motor Carrier Safety Regulations/Safety-Sensitive Positions Drug and Alcohol Policy." That section provides, in pertinent part:

> It is also the policy of the City to comply with and abide by all laws and regulations that have been established by part 382 – CONTROLLED SUBSTANCES AND ALCOHOL USE AND TESTING of the Federal Motor Carrier Safety Regulations, U.S. Department of Transportation (DOT), and Federal Highway Administration (FHWA). In complying with these regulations, the City hereby institutes a comprehensive

controlled substance and alcohol testing, training and record keeping program for employees in positions that have been classified as safety sensitive. In accordance with DOT/FHWA regulations, included in this classification of safety-sensitive positions are all positions which require an employee to operate a commercial motor vehicle and/or hold a commercial driver's license. The FTA regulations (§653.47, 654.35) require random testing of drugs and alcohol for all safety-sensitive employees.

Aside from the Department of Transportation ("DOT") statutory definitions, there does not appear to be another definition of "commercial motor vehicle." A "commercial motor vehicle" is statutorily defined as a vehicle used in interstate commerce having a "gross vehicle weight rating of 11,794 or more kilograms (26,001 or more pounds)." 49 C.F.R. §382.107. Of course, this section of the CFR applies only to truck drivers who are required to possess a commercial driver's license ("CDL") in order to operate a commercial motor vehicle in interstate commerce. 49 C.F.R. §382.103.

Defendants submit that the definition of "commercial motor vehicle" in Section 1.6.2 of the Handbook should be more broadly interpreted and not narrowly construed as including only those vehicles that fit within the federal statutory definition. The vehicles operated by Krieg, which included a one-ton truck, are certainly not personal-type vehicles operated on a regular basis by the general motoring public. If the City of Marion intended for the drug testing provisions to be limited only to those employees holding a CDL, Section 1.6.2 would have so provided. It is important that Section 1.6.2 is stated in terms of "and/or." By requiring any employee who either operates a commercial motor vehicle, or holds a CDL, the City of Marion quite obviously intended to apply Section 1.6.2 of the Handbook to non-CDL employees who nevertheless operate commercial motor vehicles. A narrower interpretation would make the phrase

2

"operates a commercial motor vehicle" meaningless.

In light of public policy considerations concerning drug use by employees who perform safety-sensitive work, which would include those non-CDL employees who drive smaller trucks or operate machinery and heavy equipment, a common-sense broad interpretation of "commercial vehicle" is appropriate. Such an interpretation would necessarily include those employees who drive dump trucks, such as Krieg, even if they do not meet the federal weight threshold requiring that the operator possess a CDL. After all, an employee under the influence of illegal drugs is equally capable of killing innocent motorists or pedestrians regardless of whether the dump truck weighs 30,000 pounds or 10,000 pounds. The City of Marion clearly intended this more expansive interpretation of "commercial motor vehicle" in its Handbook and requiring that Krieg submit to random drug testing was entirely appropriate under the circumstances. In addition, the case law relied upon by the defendants in various summary judgment memoranda approve random testing of employees considered to be safety-sensitive, without focusing exclusively upon whether the employee possessed a CDL.

Respectfully submitted,

CARSON BOXBERGER LLP

By s/Robert T. Keen, Jr.
    Robert T. Keen, Jr./#5475-02

By s/Diana C. Bauer
    Diana C. Bauer/#11906-64
Attorneys for Defendants

1400 One Summit Square
Fort Wayne, IN 46802
Telephone: (260) 423-9411
F:\Bliss McKnight 11,498\Krieg 509\Supplemental.Brief.doc
DCB/mk

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of March, 2006, a true and correct copy of the above and foregoing document was electronically filed and/or mailed to:

William R. Groth
Geoffrey S. Lohman
Fillenwarth Dennerline Groth & Towe
1213 N. Arlington Avenue, Suite 204
Indianapolis, IN 46219


      s/Diana C. Bauer